IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLIOTT BUCKNER, | ) | CASE NO. 4:13-cv-02469 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Plaintiff Elliott Buckner ("Buckner"), a prisoner in the custody of the federal Bureau of Prisons ("BOP"), with leave of Court, filed an Amended Complaint against Defendant United States, alleging that, while he was incarcerated at BOP facilities in Allenwood, Pennsylvania ("Allenwood") and Terre Haute, Indiana ("Terre Haute"), he contracted a MRSA/Staph infection, which aggravated pre-existing injuries, and that he received insufficient medical attention for both his new injuries and his pre-existing conditions.  Doc. 33.  Buckner raises five claims under the Federal Tort Claims Act ("FTCA"): a general negligence claim, three medical malpractice claims, and a constitutional tort claim.  Doc. 33, pp. 6-8.[1]

The United States has filed a Motion to Dismiss Buckner's First Amended Complaint (Doc. 35), alleging that Buckner's general negligence claim is barred by the FTCA's statute of limitations, that the medical malpractice claims are insufficient, as Buckner has not filed a certificate of merit as required by Pennsylvania law[2] and, that since the United States has not waived sovereign immunity for constitutional tort claims, this Court lacks subject matter

---

[1] Page number references refer to the page number for the cited ECF Doc.

[2] As discussed in further detail below, both Buckner and the United States agree, and the undersigned concurs, that Pennsylvania substantive law applies to Buckner's medical malpractice claims.

jurisdiction to hear the constitutional tort claim.  Buckner filed a response (Doc. 37), the United States filed a reply (Doc. 39), and Buckner subsequently filed a "Motion Seeking Summary Judgment on U.S. Motion to Dismiss Complaint" under Fed. R. Civ. P. 56(e) (Doc. 40).[3]

For the reasons explained below, the undersigned concludes that Buckner's general negligence claim is barred by the FTCA's statute of limitations; Buckner's medical malpractice claims are subject to dismissal for failure to file a certificate of merit as required by Pa. R. Civ. P. 1042.3; and the United States is immune from constitutional tort claims, as it has not waived sovereign immunity for those claims.  Accordingly, the undersigned recommends that the United States' Motion to Dismiss Buckner's First Amended Complaint (Doc. 35) be **GRANTED** and that Buckner's general negligence claim be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6),[4] that Buckner's medical malpractice claims be dismissed without prejudice under Fed. R. Civ. P. 12(b)(6),[5] and that Buckner's constitutional tort claim be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1).  The undersigned also recommends that Buckner's Motion for Summary Judgment on the United States' Motion to Dismiss (Doc. 40) be **DENIED**.

---

[3] As Buckner has not contended that he is entitled to summary judgment on the merits of the case in his motion, the undersigned interprets the motion as a supplemental filing in opposition to the United States' Motion to Dismiss (Doc. 35) and, as discussed herein, recommends denial of Buckner's motion.

[4] The United States originally moved for dismissal under Fed. R. Civ. P. 12(b)(1), arguing that the statute of limitations was jurisdictional and that the United States' waiver of sovereign immunity was contingent upon the statute of limitations being met.  Doc. 35-1, pp. 10-11.  As the Supreme Court recently held in *United States v. Kwai Fun Wong*, "the FTCA's time bars are nonjurisdictional…" 135 S.Ct. 1625, 1638 (2015).  Thus, as requested by the United States, the undersigned has instead considered the statute of limitations arguments under Fed. R. Civ. P. 12(b)(6).  Doc. 35-1, p. 11, n. 1; Doc. 41, p. 1; *see Torres v. United States*, No. 14-3880, 2015 WL 2190966, at *2 (2d Cir. May 12, 2015) (vacating the order of the district court and remanding on the basis that, even though the district court was correct in dismissing the FTCA claim for failure to comply with the statute of limitations, in light of the Supreme Court's decision in *Wong*, the dismissal must be for failure to state a claim upon which relief may be granted, not on jurisdictional grounds).

[5] As discussed below, the undersigned also recommends, with respect to Buckner's medical malpractice claims, that the Court allow for prospective equitable tolling of the statute of limitations provided that Buckner refiles his medical malpractice claims within sixty days of the entry of dismissal with an accompanying certificate of merit as required by Pa. R. Civ. P. 1042.3

# I.   Background[6]

Elliott Buckner is a prisoner in the custody of the BOP.  Doc. 33, ¶ 4.  At the time
Buckner entered the custody of the BOP, he suffered from medical complications arising from a
pre-existing injury, i.e., a bullet wound in his neck. The injury occurred in 2002, resulting in
significant nerve damage and paralysis that required ongoing care from several physicians.  Doc.
33, ¶ 5.  Buckner still suffered from the injury when he began serving his sentence on July 9,
2009, and the bullet remained in his neck.  Doc. 33, ¶ 6.

In September 2009, while incarcerated in the Allenwood BOP facility, Buckner
contracted a MRSA/Staph infection.  Doc. 33, ¶ 9a.  After unsuccessful attempts to treat the
infection with antibiotics in October, the infection spread to the pre-existing gunshot wound on
Buckner's neck.  Doc. 33, ¶ 9b-c.  Buckner began suffering from complications arising from the
MRSA/Staph infection on his neck, including a reforming cyst (Doc. 33, ¶ 9d), loss of hearing,
loss of taste, and loss of range of motion and mobility (Doc. 33, ¶ 10f).  Buckner has also
developed muscle spasms, stiffness, and cramps, and has also developed a variety of problems
with his feet.  Doc. 33, ¶ 10i.

After Buckner's MRSA/Staph infection first appeared, Allenwood unsuccessfully
attempted to treat it with antibiotics.  Doc. 33, ¶ 9b.  Allenwood approved a consultation with a
specialist in February 2011.  Doc. 33, ¶ 9e.  The specialist recommended that a fistulagram be
performed, but the procedure never took place at Allenwood due to delays and an unexpected
hospital visit.  Doc. 33, ¶9e-f.

The BOP transferred Buckner from Allenwood to Terre Haute in September, 2011.  Doc.
33, ¶ 10a.  Buckner's MRSA/Staph infection was still present at the time of his transfer and the

---

[6] The background facts are taken from the complaint.  In a motion to dismiss, the Court presumes all well-pleaded
allegations to be true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

fistulagram had not been performed.  Doc. 33, ¶ 9f-g.  When Buckner first arrived at Terre Haute, the camp doctor did not request the fistulagram that was approved at Allenwood.  Doc. 33, ¶ 10d.  BOP personnel only submitted the fistulagram for funding and appropriation after Buckner threatened civil lawsuits and filed administrative grievances.  Doc. 33, ¶ 10e.  Buckner was initially prescribed, then advised to discontinue, a course of antibiotics. Doc. 33, ¶ 10b.  In November, 2011, Buckner saw a physical therapist, who recommended a splint for Buckner's left hand.  Doc. 33, ¶ 10g.  Buckner did not receive the splint until September 2012.  Doc. 33, ¶ 10g.  A physical therapist also recommended that Buckner undergo physical therapy, which Buckner did not undergo while at Terre Haute.  Doc. 33, ¶ 10h.

Buckner filed an administrative claim, which was received on November 13, 2012.[7] Doc. 33, ¶ 3a.  Buckner's administrative claim was denied on May 10, 2013.  Doc. 33, ¶ 3b. Following the denial of his claim, Buckner filed this suit on November 6, 2013.  Doc. 1.

## II.  Plaintiff's Claims[8]

In his First Amended Complaint (Doc. 33), Buckner asserts five claims against the United States. The claims are summarized as follows:

Claim One: a general negligence claim alleging that Allenwood personnel "failed to provide a safe and sanitary facility, leading to contraction of MRSA/Staph by [Buckner]."  Doc. 33, p. 6.

Claim Two: a medical malpractice claim alleging that Allenwood and Terre Haute personnel "fail[ed] to apply a reasonable degree of medical skill," and "failed to treat

---

[7] Although Buckner alleges the administrative complaint was received on November 13, 2012, the records attached to the United States' Motion to Dismiss reflect that the administrative complaint was received on October 25, 2012. Doc. 35-2, p. 1 (Declaration of Michael S. Romano); Doc. 35-2, p. 8 (Administrative Tort Claim Form).

[8] Buckner is proceeding *pro se* in this suit. Pleadings of *pro se* prisoners are liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

[Buckner's] chronic and preexisting bullet wound correctly." Doc. 33, p. 6. This claim also alleges that significant delays in treatment led to an inability to diagnose and effectively treat the underlying cause of Buckner's ailments. Doc. 33, p. 6.

Claim Three: a medical malpractice claim alleging that "medical staff at all federal facilities fail[ed] to provide medically necessary physical therapy," leading to "a degradation of range of motion and mobility." Doc. 33, p. 7.[9]

Claim Four: a medical malpractice claim alleging that the United States "failed to provide the left-arm splint … and the left-leg appliance," resulting in a variety of injuries. Doc. 33, p. 7.

Claim Five: a claim that the United States was "deliberately indifferent to Plaintiff's serious medical needs resulting in 8th Amendment violations…" Doc. 33, p. 8.[10]

### III. Legal Standard

### A. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

In cases where a defendant raises the issue of lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive a motion to dismiss. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A court lacking

---

[9] Claim Three also includes language stating that BOP personnel acted in such a way as to create a "situation that makes Plaintiff's punishment cruel and unusual." Doc. 33, p. 7. The undersigned interprets Claim Three to be a medical malpractice claim alleging medical malpractice by BOP personnel. To the extent that this claim alleges Eighth Amendment violations, it has been considered with the allegations in Claim Five.

[10] Claim Five also includes a general assertion of damages and language asserting that the "United States has abused process by dilatory actions multiple times at each BOP facility." Doc. 33, p. 8. Buckner stated in his Response to the United States' Motion to Dismiss that his abuse of process claim "is not a 'stand-alone' claim; in fact, Buckner does not seek relief directly …. The abuse of process claim is an argument for tolling, and equitable tolling." Doc. 37, p. 2. Thus, the undersigned concludes that Buckner has not asserted a separate abuse of process claim. Even if the abuse of process allegations were interpreted as a separate claim, it must be dismissed. The FTCA requires that "an action shall not be instituted upon a claim against the United States … unless the claimant shall have first presented the claim to the appropriate Federal agency…" 28 U.S.C. § 2675(a). When he filed his administrative complaint, Buckner included no allegations of abuse of process, only allegations of negligence and medical malpractice. Doc. 35-2, pp. 7-15. As such, even if the allegation of abuse of process constitutes a valid claim, it must be denied. The undersigned has also considered the assertion in Claim Five that the United States "has been generally negligent" with the general negligence claim in Claim One. Doc. 33, p. 8.

jurisdiction cannot render judgment but must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light, Co.*, 495 F.2d 906, 909 (10th Cir.1974); *Bennett v. U.S. Postal Service*, 2012 WL 5463822, *2 (N.D. Ohio Nov. 8, 2012) (quoting *Basso*, 495 F.2d at 909 and quoting *Kusens v. Pascal Co.*, 448 F.3d 349, 359 (6th Cir. 2006) for the proposition that "federal courts are under an independent obligation to examine their own jurisdiction.").  Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks.[11] *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  "Regardless of the type of attack, Plaintiff, as the party invoking federal subject matter jurisdiction, bears the burden of persuading the Court that subject matter jurisdiction exists." *Kobaivanova v. Hansen*, 2011 U.S. Dist. LEXIS 105252, *5 (N.D Ohio Sept. 16, 2011) (citing *Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir. 2005)); *see also Zhang v. Sec'y of Homeland Security*, 2007 U.S. Dist. LEXIS 64754, * 6-7 (N.D. Ohio Aug. 31, 2007) (quoting *Moir*, 895 F.2d at 269).  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

## B.  Rule 12(b)(6) – Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*).  "A claim has facial

---

[11] A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true and construes them in a light most favorable to the non-moving party.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Smith v. Encore Credit Corp.*, 623 F.Supp.2d 910, 914 (N.D. Ohio 2008), *Nassif v. Hansen*, 2008 U.S. Dist. LEXIS 121604, * 13-14 (N.D. Ohio Mar. 21, 2008).  A factual attack is "a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598.  "[N]o presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *See Ritchie*, 15 F.3d at 598 (citing *Ohio Nat'l Life Ins. Co*, 922 F.2d at 325) ; *Moir*, 895 F.2d at 269; *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations of a pleading must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Id.* "[P]laintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. Analysis

### A.  Negligence

Claim One of Buckner's First Amended Complaint alleges negligence, arguing that Allenwood personnel "failed to provide a safe and sanitary facility, leading to contraction of MRSA/Staph by [Buckner]." Doc. 33, p. 6. Buckner lists several injuries that he suffered as a result of Allenwood's alleged negligence. The United States, in response, asserts that the statute of limitations has passed and that Buckner's negligence claim is therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6).[12]

---

[12] Alternatively, the United States argues that Buckner's negligence claim must be dismissed, per *Twombly/Iqbal*, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Doc. 35-1, p. 12; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The undersigned has not addressed the *Twombly/Iqbal* argument because the claim is disposed of by the statute of limitations.

The FTCA provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…"  28 U.S.C.§ 2401(b).[13]  A claim accrues "at the time of the plaintiff's injury," and does not "await awareness by the plaintiff that his injury was negligently inflicted."  *United States v. Kubrick*, 444 U.S. 111, 120-123 (1979).

Here, Buckner did not conform to the statute of limitations when pursuing his claims. Buckner did not file his claim with the appropriate agency within two years of when his claim accrued – the date of his infection with MRSA/Staph.  Doc. 33, ¶ 9a (alleging that "[Buckner] contracted an outbreak of MRSA/Staph" in September 2009); Doc. 33, ¶ 3a (stating that Buckner's administrative claim was received on November 13, 2012).[14]  Buckner's administrative claim was actually filed more than one year after the statutory period expired.  As such, the statute of limitations bars Claim One of Buckner's First Amended Complaint.

In his response to the United States' Motion to Dismiss, Buckner raises several arguments as to why his claim should move forward despite his tardy administrative claim.  All of Buckner's arguments lack merit, however, as they only pertain to the medical malpractice claims.  The United States is only asserting statute of limitations as a defense to Claim One. Claim One relates to the alleged general negligence giving rise to the MRSA/Staph infection, not to the alleged medical malpractice, which is covered in Claims Two, Three, and Four.  Buckner

---

[13] Additionally, a tort claim must be filed in district court "within six months after the date of mailing … of [the] notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  *See Ellison v. United States*, 531 F.3d 359, 362 (6th Cir. 2008) (holding that Congress plainly intended to require plaintiffs to meet both of the FTCA's statutory deadlines).  Here, Buckner filed suit less than six months after the denial of his claim by the BOP.  Doc. 33, ¶ 3b (Complaint, alleging denial of administrative claim on May 10, 2013); Doc. 1 (Complaint, filed November 6, 2013).  The United States argues only that the administrative complaint was not submitted in a timely fashion.  Doc. 35-1, p. 11.

[14] The copy of the administrative claim form included in the United States' Motion to Dismiss reflects that it was received on October 25, 2012, not November 13, 2012.  Doc. 35-2, p. 8.  This difference in dates has no practical consequence on whether Buckner complied with the statute of limitations, however.

argues that he "was told at every turn, by every medical representative of the United States, to 'be patient,' that his medical treatment was 'being considered' by utilization committees, etc." Doc. 37, p 4.  While these arguments might be relevant if this Court had to decide whether to equitably toll Claims Two, Three, and Four (the medical malpractice claims), they do not pertain to Claim One (the general negligence claim).  Buckner's arguments all deal with alleged insufficiencies in treatment following the infection, not before the infection. Accordingly, they relate to the medical malpractice claims, not to the negligence claim.  Nevertheless, although Buckner's arguments against the United States' assertion of the statute of limitations do not relate to the negligence claim, the undersigned, considering Buckner's *pro se* status, has reviewed Buckner's arguments and, as discussed below, finds them to be without merit.

*1.  Equitable Estoppel*

Buckner first argues that the United States should be estopped from asserting the statute of limitations as a defense to Claim One under the doctrine of equitable estoppel.  Doc. 37, pp. 4-5.  Equitable estoppel occurs when (1) the party against whom estoppel is asserted makes a misrepresentation, (2) the party asserting estoppel acts in reasonable reliance on the misrepresentation, (3) the party asserting estoppel suffers a detriment, and (4) when asserted against the government, there is a showing of affirmative misconduct on the part of the government.  *Michigan Express, Inc. v. United States*, 374 F.3d 424, 427 (6th Cir. 2004); *Davis v. United States*, No. 05-1609, 2007 WL 951442, at *11 (W.D.Pa Mar. 26, 2007) (citing *United States v. Asmar*, 827 F.2d 907, 912 (3d Cir. 1987).  "The party attempting to estop the government bears a very heavy burden."  *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001) (recognizing that when a party claims equitable estoppel against the government, the party must

establish, "in addition to the traditional elements, more than mere negligence, delay, inaction, or failure to follow an internal agency guideline.") (internal citations omitted).

When these factors are applied to the present case, Buckner does not meet the threshold required to estop the United States from asserting a statute of limitations defense to Claim One. Buckner argues that the United States delayed his treatment numerous times and that, because of the delays, the United States should not be able to assert the statute of limitations.  Doc. 37, pp. 4-5.  Buckner's allegations in his response to the United States' Motion to Dismiss regarding alleged misrepresentations are conclusory and pertain to his medical malpractice claims, not his general negligence claim relating to alleged unsanitary conditions.  Doc. 37, pp. 4-5.  Further, Buckner fails to demonstrate that the United States' conduct rose to the high standard of affirmative misconduct, as opposed to "mere negligence, delay, inaction, or failure to follow an internal agency guideline." *Fisher*, 249 F.3d at 444.  Accordingly, the United States is not estopped from asserting the statute of limitations as to Claim One.

*2.  Equitable Tolling*

Buckner also argues that the statute of limitations for his negligence claim should be equitably tolled.  Doc. 37, p. 7.  The United States Supreme Court recently held that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1638 (2015); *See also Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990).  Nevertheless, equitable tolling is applied "'sparingly,' and not when there has only been 'a garden variety claim of excusable neglect.'" *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004) (quoting *Ayers v. United States*, 277 F.3d 821, 828 (6th Cir. 2002)).  A party "seeking equitable tolling bears the burden of proving entitlement to it." *Bazzo v. United States*, 494 Fed.Appx. 545, 547 (6th Cir. 2012).

Under equitable tolling, a court "may pause the running of a limitations statute in private litigation when a party 'has pursued his rights diligently but some extraordinary circumstance' prevents him from meeting a deadline." *Wong*, 135 S.Ct. at 1631 (quoting *Lozano v. Montoya Alvarez*, 134 S.Ct. 1224, 1231-1232 (2014)).  In the Sixth Circuit, a party seeking equitable tolling must make a showing "encompass[ing] the following conditions: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Bazzo*, 494 Fed.Appx. at 547; *Cf. Seitzinger v. Reading Hospital and Medical Center*, 165 F.3d 236, 240 (3d Cir. 1999) ("Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances."); *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (stating that equitable tolling "occurs (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.") (citing *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005)).

Buckner has not established that he is entitled to equitable tolling of the statute of limitations for Claim One, his negligence claim. While Buckner makes numerous arguments regarding "dilatory tactics" and states that he "ha[d] been told to wait, to be patient, that matters were 'in front of the utilization committee,' [and] that they were 'being considered,'" none of his statements suggests lack of notice or lack of constructive knowledge of the filing requirement. Doc. 37, p. 7.  Furthermore, bringing the administrative claim more than one year after the

statute of limitations had expired evidences a lack of diligence in pursuing his claim.  Allowing the suit may prejudice the United States, inasmuch as it would be required to defend against a negligence claim arising out of alleged acts or omissions occurring in 2009.  Doc. 39, p. 7. Additionally, Buckner makes no allegation that *extraordinary* circumstances prevented him from asserting his rights.  Accordingly, equitable tolling should not be applied to Claim One.

*3.  Continuing Tort*

Buckner also asserts that Claim One, the general negligence claim, constitutes a continuing tort and therefore the statute of limitations did not begin to run for the claim when he first contracted the MRSA/Staph infection.  Doc. 37, pp. 6-7.  "'A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.'" *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (quoting *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)); *Edkins v. United States*, No. 13-cv-14421, 2015 WL 871587, at *4 (stating that the Sixth Circuit has not yet addressed the doctrine of continuing torts in the context of the FTCA); *Cf. Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003) (recognizing the existence of a continuing tort claim under the FTCA).

Here, it can hardly be said that the allegations in Claim One constitute a continuing tort. Claim One is a general negligence claim asserting that "personnel at the Federal LSCI Allenwood facility failed to provide a safe and sanitary facility, leading to contraction of MRSA/Staph by [Buckner]."  Doc. 33, p. 6.  Although Buckner suffered the effects of the infection for an extended period of time, a continuing tort is dependent on "continual unlawful acts, not … continual ill effects…" *McCune*, 842 F.2d at 905.  Furthermore, Buckner does not plead any continuing unlawful acts that relate directly to Claim One.  Buckner alleges that the United States "has used dilatory tactics and [has]taken or created … delays,"  but the alleged

torts committed by the United States or its agents after Buckner's contraction of MRSA/Staph relate to his medical malpractice claims, *not* to his general negligence claim. Accordingly, Claim One alleges a discrete injury and not a continuing tort sufficient to toll the statute of limitations past the original injury.

*4. Continuing Treatment*

Finally, Buckner also argues that he filed his administrative complaint in a timely fashion, because "the continuous treatment rule holds that a medical malpractice claim will not accrue … until the end of a continuous course of treatment." Doc. 37, pp. 5-6 (Response to United States' Motion to Dismiss) (emphasis omitted). The United States, however, is only asserting the statute of limitations with respect to the general negligence claim, not with respect to the medical malpractice claim. As Claim One arises out of a discrete injury, and not out of continuing medical treatment, the doctrine of continuing treatment is not sufficient to toll the statute of limitations.

As Buckner did not file his administrative complaint with the BOP until more than one year after the two year statute of limitations had expired, and no doctrine applies to toll the statute of limitations, the undersigned recommends that the Court dismiss with prejudice Claim One of the First Amended Complaint.

**B. Medical Malpractice**

Claims Two, Three, and Four of Buckner's First Amended Complaint allege medical malpractice, arguing that BOP personnel provided delayed and ineffective medical treatment in response to Buckner's injuries and medical needs. Doc. 33, pp. 6-8. In response, the United States asserts that Buckner's medical malpractice claims are barred as he failed to submit a

certificate of merit, as required by Pa. R. Civ. P. 1042.3, and the malpractice claims are therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6).  Doc. 35-1, pp. 22-24.

*1.  Choice of Law*

      Buckner's medical malpractice claims are brought under the FTCA.  For claims brought under the FTCA, courts must apply "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *See Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995).  In his First Amended Complaint, Buckner alleges acts and omissions occurring in both Pennsylvania and Indiana.  Doc. 33, pp. 6-8.  As such, an initial inquiry is whether Pennsylvania or Indiana law applies to Buckner's medical malpractice claims.

      Here, both parties agree that Pennsylvania substantive law applies in this case.  Doc. 35-1, p. 21 ("Thus, under any test, Pennsylvania's substantive law should govern this case."); Doc. 37, p. 3 ("…Buckner does not dispute the United States' assertions at law of choice of law…" and "The United States is correct in holding that Pennsylvania law applies…").  Since the parties agree that Pennsylvania law applies in this case to Buckner's medical malpractice claims arising under the FTCA, the Court need not engage in a lengthy choice of law analysis.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316-317 (3d Cir. 2014) (holding that choice of law issues may be waived and noting that both parties agreed about the applicability of New Jersey law); *Redmond v. ACE American Insurance Co.*, No. 14-3864, 2015 WL 3514690, at *1 n.2 (3d Cir. June 5, 2015) (declining to undertake a choice of law analysis since both parties agreed that New York law applied).

      While a lengthy analysis is not mandated, the undersigned has considered the choice of law issue presented and agrees that Pennsylvania choice of law rules apply, and thus

Pennsylvania substantive law governs.[15]  *See Gould Electronics Inc. v. United States*, 220 F.3d 169, 180 (3d Cir. 2000) (setting forth several approaches for determining which state's choice of law rules to apply).  The undersigned finds especially persuasive the third *Gould* approach for determining which state's choice of law rules applies.[16]  *Id*. at 182.  (citing *Bowen v. United States*, 570 F.2d 1311, 1318 (7th Cir. 1978)).  Under this approach, the choice of law rules for the "place of the act or omission having the most significant causal effect" on the claim applies.  *Bowen*, 570 F.2d at 1318.  Here, the alleged acts and omissions having the most significant causal effect on Buckner's claims occurred in Pennsylvania.  Buckner's injuries first developed while at Allenwood, and his treatment began while in custody there.  Doc. 33, ¶9 (First Amended Complaint).  As such, Pennsylvania choice of law rules should apply in this case.

Under Pennsylvania choice of law rules, if there is a difference between the substantive law of various potentially applicable states, courts must "classify the conflict as a 'true,' 'false,' or an 'unprovided-for' situation."  *Hammersmith v. TIG Insurance Co.*, 480 F.3d 220, 230 (3d Cir. 2007).  A false conflict occurs "if … one jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's laws."  *Id*, 480 F.3d at 229 (quoting *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 187 (3d Cir. 1991)).  A true conflict occurs when "governmental interests of both jurisdictions would be impaired if their law were not applied."  *Lacey*, 932 F.2d at 187 n.15.  Finally, an unprovided for conflict occurs when "neither state's interests would be impaired if its laws were not applied."  *Hammersmith*, 480 F.3d at 230 n.9.

---

[15] When determining which state's substantive law to apply, courts must first determine which state's choice of law rules to use and then, using those choice of law rules, determine which state's substantive law applies.  *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 180 (3d Cir. 2000).

[16] The first *Gould* approach applies "the choice of law rules on an act-by-act basis, applying the relevant state's choice of law rules for each act or omission."  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 181 (3d Cir. 2000).  The second approach applies "the choice of law rules of 'the place of the last act or omission having a causal effect."  *Id*. at 182 (quoting *Bowen v. United States*, 570 F.2d 1311, 1318 (7th Cir. 1978)).  The fourth approach applies "the choice of law rules of the state in which 'physical acts' could have prevented the injury."  *Id*. at 183.  Finally, the fifth approach applies the "choice of law based on where the 'relevant' act or omission occurred."  *Id*.

In this instance, there is a difference between the substantive laws of Pennsylvania and Indiana.  Pennsylvania requires a certificate of merit to be filed within sixty days of the complaint in a medical malpractice action, while Indiana only requires that "the claimant's proposed complaint [be] presented to a medical review panel…"  Pa. R. Civ. P. 1042.3(a) (Pennsylvania's requirement); IC 34-18-8-4 (Indiana's requirement).  In this case, both requirements seek to dispose of meritless medical malpractice claims early and minimize the cost of defense.  *See McCrossan v. Wiles*, No. 02-8402, 2004 WL 1925057, at *6 (E.D.Pa. Aug. 30, 2004); *Robertson v. B.O.*, 977 N.E.2d 341, 345 (Ind. 2012).  The government concedes, however, that Indiana's medical review panel would not apply to the United States, as it is not a qualified provider due to its tax-exempt status.  Doc. 35-1, p. 20.  Accordingly, a false conflict exists between the Indiana requirement and the Pennsylvania requirement in this case, as the substantive law in Indiana would allow the medical malpractice claims to proceed, while, as described later, the substantive law in Pennsylvania would not.  In such situations, "the court must apply the law of the state whose interests would be harmed if its laws were not applied." *Lacey*, 932 F.2d at 187.  In this instance, Indiana's interests in decreasing the costs of defending medical malpractice suits would not be harmed by an application of Pennsylvania law, while Pennsylvania's interests would be harmed by applying Indiana law.  Accordingly, as agreed by the parties, the undersigned concludes that Pennsylvania substantive law applies to Buckner's medical malpractice claims.

*2.  Pennsylvania's Certificate of Merit Requirement is Substantive Law*

In response to the medical malpractice claims in the First Amended Complaint, the United States asserts that Buckner failed to submit a certificate of merit, as required by Pennsylvania Rule of Civil Procedure 1042.3(a), which provides in part:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that … an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm…

Pa. R. Civ. P. 1042.3(a).  Since the FTCA requires the application of Pennsylvania substantive law, the undersigned must now determine whether or not the Pennsylvania certificate of merit requirement constitutes substantive law.

It is settled law that, "except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Although the FTCA is a federal statute, it requires the application of "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  Nevertheless, federal procedural law still applies to causes of action arising from the FTCA. *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 573 (6th Cir. 2008) ("We apply state substantive law but federal procedural law."); *Bennafield v. United States*, No. 4:12cv3010, 2013 WL 5173221, at *1 (N.D.Ohio, Sept. 12, 2013); *Chamberlain v. Giampapa*, 210 F.3d 154, 159 ("The *Erie* rule may not be 'invoked to void a Federal Rule' of Civil Procedure." (quoting *Hanna v. Plumer*, 380 U.S. 460, 470 (1965))).  The Sixth Circuit has held that "a substantive law is one that gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application in the federal court is required.'" *Shropshire*, 550 F.3d at 573 (quoting *Byrd v. Blue Ridge Rural Electric Co-op.*, 356 U.S. 525, 535 (1958)).  When determining whether a law is substantive or procedural, courts apply an outcome-determinative test, examining whether the law "significantly affect[s] the result of a litigation for a federal court to disregard the law of a State that would be controlling in an action

upon the same claim by the same parties in a State court." *Hanna*, 380 U.S. at 466.  In applying

the outcome-determinative test, courts must consider "the twin aims of the *Erie* rule:

discouragement of forum-shopping and avoidance of inequitable administration of the laws."  *Id.*

at 468.

 Considering the foregoing and as described below, the undersigned finds that

Pennsylvania's certificate of merit requirement for medical malpractice claims constitutes

substantive law, not a procedural requirement.[17]  The requirement that a plaintiff shall "file with

the complaint or within sixty days after the filing of the complaint, a certificate of merit…" (Pa.

R. Civ. P. 1042.3(a)) is clearly outcome-determinative since, if the requirement applies,

Buckner's medical malpractice claims must be dismissed but, if it does not, Buckner's medical

malpractice claims survive the motion to dismiss on these grounds.  Furthermore, the twin aims

of the *Erie* rule weigh in favor of a determination that the Pennsylvania certificate of merit

requirement is substantive, not procedural.  If the certificate of merit requirement is procedural

and does not apply in federal courts, plaintiffs asserting medical malpractice claims in diversity

jurisdiction will be incentivized to file in federal courts, as they face fewer bars in the litigation

process without the certificate of merit requirement.[18] *Nicholson v. Catholic Health Partners*,

No. 4:08cv2410, 2009 WL 700768, at *5 (N.D. Ohio, 2009).  Furthermore, case law supports a

finding that the state certificate of merit requirements, including Pennsylvania's, are substantive,

not procedural.  *See Baumgardner v. Ebbert*, 535 Fed.Appx. 72 (3d Cir. 2013) (holding that the

---

[17] Buckner does not argue that the Pennsylvania certificate of merit requirement constitutes procedural law instead of substantive law.  Instead, Buckner argues that the Pennsylvania requirement does not apply to suits against the government.  Doc. 37, p. 8.

[18] The undersigned notes that, since the instant case arises from a federal cause of action under the FTCA, there are no forum-shopping concerns.  Nevertheless, if the Pennsylvania certificate of merit requirement is procedural, forum shopping will be encouraged in diversity cases.  Accordingly, while forum-shopping is not applicable to this specific case, it is relevant to a determination of whether the Pennsylvania certificate of merit requirement is substantive or procedural in nature.

Pennsylvania certificate of merit requirement is substantive, and agreeing with the district court's decision to dismiss an FTCA claim for medical negligence because of a failure to submit a certificate of merit); *Smith v. United States*, 498 Fed.Appx. 120 (3d Cir. 2012) (affirming the dismissal of medical malpractice claims made by a *pro se* prisoner in Allenwood due to failure to comply with the substantive Pennsylvania certificate of merit requirement); *Reed v. Speck*, 508 Fed.Appx. 415 (6th Cir. 2012) (holding that the district court was justified in dismissing a medical malpractice claim for failure to follow Tennessee's certificate of merit requirement); *Klinger v. Corrections Corporation of America*, No. 4:11cv2299, 2013 WL 143535, at *3 (N.D.Ohio, Jan. 11, 2013) (adopting the Report & Recommendation that medical malpractice claims be dismissed for failure to provide a certificate of merit pursuant to North Carolina's requirement); *Daniel v. United States*, 716 F.Supp.2d 694 (N.D.Ohio 2010) (finding Ohio's certificate of merit requirement was substantive when applied to an FTCA medical malpractice claim against the United States); *but see Larca v. United States*, 302 F.R.D. 148 (N.D.Ohio, 2014) (holding that the Ohio certificate of merit requirement constituted a procedural requirement conflicting with the Federal Rules of Civil Procedure).  Accordingly, the undersigned finds that the Pennsylvania certificate of merit requirement is substantive law and applies in this case.

*3. Certificate of Merit Requirement's Applicability to the United States*

Even though he does not dispute that Pennsylvania's certificate of merit requirement is substantive and applies to actions in federal court, Buckner argues that the requirement should not apply in this specific case because the defendant is the United States.  Doc. 37, p. 8.  Buckner claims that, because the Pennsylvania certificate of merit requirement applies only to medical malpractice claims against licensed professionals, and "no such certificate is required for

allegations made against a hospital or other corporate entity," no certificate of merit is required in this case. Doc. 37, p. 8 (citing *Velazquez v. UPMC Bedford Memorial Hospital*, 328 F.Supp.2d 549, 564 (W.D.Pa. 2004)).

Contrary to Buckner's position, although the United States is not an individual, the Pennsylvania certificate of merit requirement applies to claims filed against the United States. Under the FTCA, the United States has waived sovereign immunity for claims arising "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *See also Booker v. United States*, No. 1:CV-07-1960, 2009 WL 90129, at \*3 (M.D.Pa. Jan. 14, 2009). Thus, while the United States may not be a private person, it is treated as such under the FTCA. Furthermore, case law supports the proposition that state certificate of merit requirements, including Pennsylvania's, apply to the United States. *See Smith*, 498 Fed.Appx. at 120 (applying Pennsylvania's certificate of merit requirement to a *pro se* prisoner's FTCA medical negligence claim against the United States); *Daniel*, 716 F.Supp.2d at 694 (applying Ohio's certificate of merit requirement to FTCA medical malpractice claims against the United States). Accordingly, for the reasons stated above, the undersigned recommends that Buckner's medical malpractice claims against the United States be dismissed without prejudice for failure to comply with Pennsylvania's certificate of merit requirement.

## C. Eighth Amendment Claim

Finally, Buckner also claims that the "United States … has been deliberately indifferent to Plaintiff's serious medical needs resulting in 8th Amendment violations." Doc. 33, p. 8. The United States, in opposition, argues that "the United States has not waived its sovereign immunity with respect to constitutional claims such as Buckner's allegation that the United

States has been indifferent to his serious medical needs, in violation of the Eighth Amendment," and that the court lacks subject matter jurisdiction to hear the claim.  Doc. 35-1, p. 24.[19]

Courts have consistently held that "the United States is not liable under the FTCA for money damages arising out of constitutional violations." *Smith v. United States*, 498 Fed.Appx. at 122; *See Couden v. Duffy*, 446 F.3d 483, 499 (3d Cir. 2006) (holding that the district court properly dismissed the plaintiff's constitutional claims against the United States brought under the FTCA); *Williams v. Secor*, 95 F.3d 1153, at *1 (6th Cir. 1996) (unpublished) ("Absent an express waiver, the doctrine of sovereign immunity bars claims for monetary relief that are brought against the United States, its agencies or its employees in their official capacity."); *See also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971) (Harlan, J., concurring in judgment) ("However desirable a direct remedy against the Government might be as a substitute for individual official liability, the sovereign still remains immune to suit.").[20]  Since the United States has not waived its sovereign immunity for constitutional torts, it is immune from suit.  *Klinger*, 2013 WL 143535 at *2 (adopting the magistrate judge's finding that, "to the extent the Plaintiff asserted a constitutional tort claim under the FTCA, the claim must be dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity for constitutional torts.").

---

[19] The plaintiff has the burden of proving jurisdiction in order to survive a motion to dismiss when a defendant raises the issue of lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  *Moir*, 895 F.2d at 269; *see also DLX*, 381 F.3d at 516.

[20] This is not to say that constitutional violations have no remedy.  In *Bivens*, "the [Supreme Court] implied a cause of action for damages against federal agents [individually] who allegedly violated the Constitution." *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994) (declining to imply a *Bivens* "cause of action directly against an agency of the Federal Government."); *Bierbauer v. Manenti*, No. 4:09cv2142, 2010 WL 4008835, at *3 (N.D.Ohio Oct. 12, 2010) ("The doctrine of sovereign immunity does not, however, bar damage actions alleging constitutional violations against federal officials who have been sued in their individual capacity.").

Accordingly, for the aforementioned reasons, the undersigned recommends that Buckner's Eighth Amendment constitutional tort claim against the United States be dismissed with prejudice for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

## D.  Request for Extension of Time and Costs

Buckner has requested that, if the Pa. R. Civ. P. 1042.3 certificate of merit requirement applies in this case, the Court provide him extra "time and means"[21] to complete and file a certificate of merit.[22]  Doc. 22, pp. 9-10.

### 1.  Request for Additional Time

Pa. R. Civ. P. 1042.3 allows for an extension of time for filing a certificate of merit "upon good cause … for a period not to exceed sixty days."  Furthermore, Pennsylvania recognizes "two equitable exceptions when a plaintiff has improperly filed a [certificate of merit]: whether the plaintiff has substantially complied with Rule 1042.3 and whether the plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply."  *Ramos v. Quien*, 631 F.Supp.2d 601, 611 (E.D.Pa. 2008) (quoting *Womer v. Hilliker*, 908 A.2d 269, 278 (Pa. 2006)). Here, Buckner has argued that the Pennsylvania certificate of merit requirement does not apply to the United States.  Buckner did not ignore the certificate of merit requirement when it was brought to his attention but instead believed, incorrectly, that it did not apply in his case.  In consideration of the foregoing and, being cognizant of the fact that a dismissal without prejudice for failure to include a certificate of merit may potentially function as a dismissal with prejudice due to statute of limitations concerns, in connection with the undersigned's recommendation to

---

[21] The undersigned construes this request as a request for costs to hire an expert.

[22] Buckner's request for time and means with which to complete and file a certificate of merit is contained in his response to the United States' Motion to Dismiss the original Complaint, which was rendered moot when Buckner filed the First Amended Complaint.  Doc. 22, p. 9-10.  In his response to the United States' Motion to Dismiss Buckner's First Amended Complaint, however, Buckner requested incorporation of his initial response by reference. Doc. 37, p. 9.

dismiss Counts 2, 3, and 4 without prejudice, the undersigned also recommends that the Court's dismissal of Buckner's medical malpractice claims include an order allowing for prospective equitable tolling of the statute of limitations provided that Buckner refiles his medical malpractice claims within sixty days of the entry of dismissal with an accompanying certificate of merit as required by Pa. R. Civ. P. 1042.3.[23]

### 2.  Request for Costs to Obtain Certificate of Merit

Although "a prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees … there is no constitutional or statutory requirement that the government … pay for an indigent prisoner's discovery efforts."[24] *Smith v. Yarrow*, 78 Fed.Appx. 529, 544 (6th Cir. 2003); *See also Coates v. Kafczynski*, No. 2:05-cv-3, 2006 WL 416244, at *2 (W.D.Mich. Feb. 22, 2006) ("However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis*…"). Further, while 28 U.S.C. § 1915 provides some relief from certain fees, "Congress did not evidence an intent to fund an indigent individual's litigation efforts.  The statutory language … does not mean that the *in forma pauperis* plaintiff's discovery costs either are underwritten or are waived." *Belle v. Crawford*, No. CIV. A. 91-8013, 1993 WL 59291, at *7 (E.D.Pa. Mar. 8, 1993).

Thus, while Buckner is proceeding *in forma pauperis* in this action, the undersigned recommends that the Court deny Buckner's request for costs to assist him with obtaining an expert to provide a certificate of merit.

---

[23] Such prospective tolling would only protect Buckner's medical malpractice claims as alleged herein from dismissal based on any applicable statute of limitations.  The equitable tolling would not extend to Buckner's general negligence claim (Claim One) or any other medical malpractice claims not included in Buckner's First Amended Complaint.  Doc. 33.

[24] Buckner is proceeding *in forma pauperis* in this action.  Doc. 7, p. 1 (Order granting Buckner's request to proceed *in forma pauperis*).

## V.  Conclusion and Recommendation

The undersigned recommends that the United States' Motion to Dismiss be **GRANTED** and that Claim One (general negligence) be dismissed with prejudice, Claims Two, Three, and Four (medical malpractice) be dismissed without prejudice, and Claim Five (constitutional tort) be dismissed with prejudice.  The undersigned further recommends that the Court allow for prospective equitable tolling of the statute of limitations with respect to Claims Two, Three, and Four, provided that Buckner refiles his medical malpractice claims within sixty days of the entry of dismissal with an accompanying certificate of merit as required by Pa. R. Civ. P. 1042.3.[25] The undersigned also recommends that Buckner's Motion for Summary Judgment on the United States' Motion to Dismiss (Doc. 40) be **DENIED**.

Dated: July 1, 2015

Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[25] In his response to the United States' Motion to Dismiss the First Amended Complaint, Buckner requested "a hearing, and counsel, should the court find that this matter turns on facts that are not yet apparent or developed." Doc. 37, p. 9.  In light of the recommendations herein, the undersigned recommends that Buckner's request for a hearing and counsel be **DENIED**.