PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


ELLIOTT BUCKNER,                    )
                                    )        CASE NO. 4:13cv2469
              Plaintiff,            )
                                    )
       v.                           )        JUDGE BENITA Y. PEARSON
                                    )
UNITED STATES,                      )
                                    )        **MEMORANDUM OF OPINION AND**
              Defendant.            )        **ORDER** [Resolving ECF Nos. 35; 40; 47]


       Pending before the Court is Defendant United States of America's Motion to Dismiss

First Amended Complaint (ECF No. 35) and Plaintiff Elliott Buckner's Motion Seeking

Summary Judgment on U.S. Motion to Dismiss Complaint.  ECF No. 40.  United States

Magistrate Judge Kathleen B. Burke prepared a report in accordance with 28 U.S.C. §

636(b)(1)(B) and recommended that Defendant's Motion to Dismiss be granted and Plaintiff's

Motion Seeking Summary Judgement be denied.  ECF No. 46.  Plaintiff filed timely objections

to the report and recommendation.  ECF No. 47.  The Court has reviewed the above filings, the

relevant portions of the record, and the governing law.  For the reasons provided below, the

Court overrules Plaintiff's objections and adopts the report and recommendations of the

magistrate judge.

**I.  Factual and Procedural Background**

       Plaintiff has been in the custody of the United States Bureau of Prisons since July 9,

2009.  ECF No. 33 ¶ 6.  Plaintiff entered BOP's custody with a pre-existing injury caused by a

(4:13cv2469)

bullet lodged in his neck.  ECF No. 33 ¶ 5.

Plaintiff alleges that he contracted a MRSA/Staph infection in September 2009 while incarcerated in the Allenwood, Pennsylvania BOP facility.  *Id.* ¶ 9a.  The infection, initially located under his arms and buttocks, spread following an unsuccessful attempt to treat the infection with antibiotics and caused cysts to develop on the site of his pre-existing neck injury.  *Id.* ¶¶ 9b–9d.  Plaintiff alleges that a specialist recommended that Plaintiff receive a fistulagram to treat the cysts, but that he left Allenwood in September 2011 without having received the recommended treatment.  *Id.* ¶¶ 9e–9g.

In September 2011, Plaintiff was transferred to the BOP facility in Terre Haute, Indiana.  *Id.* ¶ 10a.  Plaintiff informed the medical staff at Terre Haute that he was suffering from a MRSA/Staph infection, for which the staff initially prescribed Plaintiff antibiotics, but were later discontinued.  *Id.* ¶ 10b.  Plaintiff also alleges that the Terre Haute medical staff did not treat Plaintiff's infected neck wound or approve the fistulagram procedure, despite being aware of diagnoses made at Allenwood.  *Id.* ¶¶ 10d–10e.

In addition to the ailments stemming from a MRSA/Staph infection, Plaintiff alleges that he saw a physical therapist in November 2011 for an injury to his left hand.  *Id.* ¶ 10g.  According to Plaintiff, the therapist recommended that Plaintiff receive a splint for his left hand and participate in physical therapy.  *Id.* ¶¶ 10g–10h.  Plaintiff alleges that he did not receive the needed splint until September 2012, and that he did not receive any physical therapy during his stay at Terre Haute.  *Id.*  Finally, Plaintiff alleges that he experienced loss of hearing in his left ear, the ability to taste, has suffered reduced mobility, muscle spasms, and complications with the

(4:13cv2469)

toes and muscles in his left foot while incarcerated at Terre Haute.  ECF No. 33 ¶¶ 10f, 10i.

Plaintiff filed an administrative claim on November 13, 2012.  Id. ¶ 3a.  Plaintiff's

administrative claim was denied on May 10, 2013.  Id.  Plaintiff filed this instant lawsuit on

November 6, 2013 (ECF No. 1), and the Court referred the case to the assigned magistrate judge

for the preparation of a report and recommendation.  ECF No. 15.  Plaintiff filed a First

Amended Complaint on February 3, 2015, which states five claims under the Federal Tort

Claims Act (FTCA).  Claim One asserts that personnel at Allenwood "failed to provide a safe

and sanitary facility, leading to contraction of MRSA/Staph."  ECF No. 33 at 6.  Claim Two

asserts that the medical staff at Allenwood and Terre Haute failed to treat Plaintiff's pre-existing

bullet wound with "a reasonable degree of medical skill" due to a delay in diagnosing and

treating the cysts around the site of the wound.  Id. at 6–7.  Claim Three asserts that "medical

staff at all federal facilities fail[ed] to provide medically necessary physical therapy," resulting in

"a degradation [sic] of range of motion and mobility."  Id. at 7.  Claim Four asserts that

Defendant failed to provide an arm splint and leg apparatus for Plaintiff's arm and leg pain,

resulting in pain, discomfort, and reduced range-of-motion and mobility degradation.  Id. at 7–8.

Claim Five asserts that Defendant "has been deliberately indifferent to Plaintiff's serious medical

needs resulting in 8th Amendment violations."  Id. at 8.

Defendant moved to dismiss Plaintiff's First Amended Complaint.  ECF No. 35.  Plaintiff

filed a response.  ECF No. 37.  Defendant replied.  ECF No. 39.  Plaintiff filed a pleading titled

"Motion Seeking Summary Judgment on U.S. Motion to Dismiss Complaint" (ECF No. 40),

which the magistrate judge construed as a supplemental filing to Plaintiff's opposition.  ECF No.

3

(4:13cv2469)

46 at 2 n.3.

The magistrate judge recommended granting Defendant's Motion to Dismiss (ECF No. 35) and denying Plaintiff's Motion for Summary Judgment (ECF No. 40).  ECF No. 46.  The magistrate judge recommended dismissing Claim One with prejudice because Plaintiff failed to bring the negligence claim within the FTCA's two-year limitations period.  28 U.S.C. § 2401(b). The magistrate judge recommended dismissing Claims Two, Three, and Four without prejudice because Plaintiff did not file a Certificate of Merit ("COM") as required by Pennsylvania law for medical malpractice claims (ECF No. 46 at 20), but also recommended that the Court allow "prospective equitable tolling of the statute of limitations provided that Buckner refiles his medical malpractice claims within sixty days of the entry of dismissal with an accompanying certificate of merit." *Id.* at 23.  The magistrate judge recommended dismissing Claim Five with prejudice because the United States had not waived sovereign immunity as to constitutional torts. *Id.* at 22.

Plaintiff's timely objections followed.  ECF No. 47.

## II.  Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*  Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested

4

(4:13cv2469)

resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id.* (citing *U.S. v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

### III.  Analysis

Plaintiff has lodged two objections to the report and recommendation:

1. The Supreme Court decision in *Kwai Fun Wong*, [135 S. Ct. 1625 (2015)] infra, allows equitable tolling for the negligence claim, too, so that the negligence claim should not be dismissed.

2. The medical malpractice claims should not be dismissed for failing to file a certificate of merit; there is no instance anywhere in in our jurisprudence where a Certificate of Merit was required for a soveriegn [sic] entity as opposed to an "actual" doctor or medical professional.

ECF No. 47 at 1–2.  For the reasons that follow, neither objection has merit.

### A.  Objection to the Equitable Tolling of Claim One

Plaintiff first objects to the magistrate judge's recommendation that equitable tolling should not apply to Plaintiff's failure to file Claim One within the FTCA's two-year statute of limitations.  ECF No. 47 at 1.  Plaintiff asserts that the magistrate judge has misconstrued the source of the negligence in his general negligence claim and argues that the medical staff is responsible for both.  ECF No. 47 at 2.  Because his "negligence claims are sufficiently

(4:13cv2469)

intertwined in the medical aspect of this case," Plaintiff argues that the Court should apply

equitable tolling to the general negligence claim in light of a recent Supreme Court decision

holding that time limitations under the FTCA were non-jurisdictional and subject to equitable

tolling.  *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).

The magistrate judge did not misconstrue the source of the alleged negligence.  Rather,

the magistrate judge correctly distinguished between the alleged negligence that gave rise to

Plaintiff becoming infected with MRSA/Staph, and the alleged medical malpractice that occurred

subsequent to Plaintiff's infection.  ECF No. 46 at 8.  Plaintiff alleged that the Allenwood

facility's unsanitary conditions led to his MRSA/Staph infection.  ECF No. 33 at 6.  Under the

FTCA, Plaintiff's negligence claim arising from the unsanitary conditions accrued at the time

that Plaintiff became infected.  *United States v. Kubrick*, 444 U.S. 111, 120 (1979) (recognizing

that "the general rule under the [FTCA] has been that a tort claim accrues at the time of the

plaintiff's injury" and not when the plaintiff becomes aware of the injury).  This claim accrued in

September 2009 (ECF No. 33 ¶ 9a) and is discrete from Plaintiff's allegations that medical staff

inadequately treated the cysts on his neck, failed to provide physical therapy, or delayed in giving

Plaintiff an arm splint—all of which occurred after Plaintiff had been infected by MRSA.  The

magistrate judge did not err in distinguishing between the pre-MRSA/Staph infection allegations

of unsanitary conditions and the post-infection allegations concerning medical malpractice.

The magistrate judge also correctly found that Plaintiff did not demonstrate an

entitlement to equitable tolling on the distinct negligence claim.  Plaintiff, as the party seeking

equitable tolling, bears the burden of establishing his entitlement to it.  *See Robertson v.*

6

(4:13cv2469)

*Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  To determine whether Plaintiff is entitled to

equitable tolling, a court considers five factors: (1) the plaintiff's lack of notice of the filing

requirement, (2) the plaintiff's lack of constructive knowledge of the filing requirement, (3) the

plaintiff's diligence in pursuing her rights, (4) an absence of prejudice to the defendant, and (5)

the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.  *Jackson*

*v. United States*, 751 F.3d 712, 719 (6th Cir. 2014).  In this case, Plaintiff's sole argument for

applying equitable tolling—the interrelated nature of the negligence and medical malpractice

claims (ECF No. 47 at 3)—is insufficient to establish any of the five factors.  As the magistrate

judge found, Plaintiff did not demonstrate a lack notice or constructive knowledge of the filing

requirement; the delay evidences a lack of diligence on Plaintiff's part; and Defendant would be

prejudiced by the delay in Plaintiff bringing this negligence claim.  ECF No. 46 at 11–12.

Plaintiff does not challenge any of these findings.  As such, Plaintiff has not demonstrated an

entitlement to equitable tolling.  His objection, therefore, is overruled.

### B.  Objection to the Certificate of Merit Requirement

Plaintiff's second objection relates to the magistrate judge's recommendation that the

Court should dismiss Claims Two, Three, and Four without prejudice because Plaintiff did not

file a Certificate of Merit ("COM") as required by Pennsylvania law.  ECF No. 47 at 3–4.  The

magistrate judge, applying Pennsylvania substantive law, found that a plaintiff must file a

Certificate of Merit for his medical malpractice claims brought against the United States under

the FTCA.  Pa. R. Civ. P. 1042.3(a).  Plaintiff objects to the magistrate judge's reliance on *Smith*

*v. United States*, 498 F. App'x. 120 (3d Cir. 2012) to conclude that a Certificate of Merit is a

7

(4:13cv2469)

pre-requisite to suit, and argues that "there is no case anywhere where a Certificate of Merit is

applied to a sovereign and not a flesh-and-blood professional." ECF No. 47 at 3–4.

Plaintiff is incorrect that *Smith* did not involve a lawsuit against the United States of

America; it plainly did.  *Smith*, like the instant case, involved an FTCA action alleging medical

malpractice against the United States.  The Third Circuit affirmed the dismissal of the action on

the grounds that the prisoner had failed to file a Certificate of Merit as required by Pa. R. Civ. P.

1042.3(a).  In *Smith*, the panel stated:

> Pennsylvania law requires a plaintiff alleging medical malpractice to file a COM.
> The certificate must attest either that an appropriate licensed professional supplied
> a written statement that there exists a reasonable probability that the care provided
> fell outside acceptable professional standards, or that expert testimony of an
> appropriate licensed professional is unnecessary. This requirement is a substantive
> rule and applies even where, as here, the claim is brought in federal court.
> Ignorance of the rule does not excuse failure to comply, even for a *pro se* plaintiff.
>
> Smith did not file the required COM, nor did he make a substantial effort to
> comply with the rule or provide a reasonable excuse for failing to do so.
> Accordingly, the District Court properly dismissed his FTCA malpractice claim
> without prejudice.

*Smith*, 498 F. App'x at 121–22 (citations omitted).  Plaintiff's case is indistinguishable from

*Smith*.  Plaintiff has not filed a Certificate of Merit for his medical malpractice claims, a

necessary prerequisite for bringing a lawsuit for medical malpractice under Pennsylvania law.

Accordingly, the magistrate judge correctly concluded that Plaintiff was required to file a

Certificate of Merit for his medical malpractice claims.  Plaintiff's objection is therefore

overruled, and the Court adopts the magistrate judge's recommendation that Claims Two, Three,

and Four are dismissed without prejudice to Plaintiff subsequently filing another lawsuit for

Claims Two, Three, and Four that is properly supported with a Certificate of Merit.

8

(4:13cv2469)

### IV.  Conclusion

Based on the forgoing, the Court hereby grants Defendant's Motion to Dismiss First Amended Complaint (ECF No. 35) and denies Plaintiff's Motion Seeking Summary Judgment on U.S. Motion to Dismiss Complaint.  ECF No. 40.  Plaintiff's general negligence (Claim One) and constitutional tort (Claim Five) claims are dismissed with prejudice.  Plaintiff's claims for medical malpractice (Claims Two, Three, and Four) are dismissed without prejudice.  The Court also adopts the magistrate judge's recommendation and allows for prospective equitable tolling of the statute of limitations with respect to Plaintiff's medical malpractice claims, provided that Plaintiff files another lawsuit, along with a Certificate of Merit as required by Pa. R. Civ. P. 1042.3(a), within sixty days of the entry of dismissal in this action.[1]


IT IS SO ORDERED.


_August 21, 2015_                                  _/s/ Benita Y. Pearson_
Date                                                            Benita Y. Pearson
                                                                     United States District Judge

---

[1]  In so doing, the Court reiterates that the prospective equitable tolling only applies to Plaintiff reasserting the same medical malpractice claims alleged in this lawsuit within sixty days.  The equitable tolling does not apply to any other medical malpractice claims not alleged in his First Amended Complaint.  Nor does equitable tolling apply to any of the claims in this action that the Court has dismissed with prejudice.  *See* ECF No. 46 at 23 n.23.

9